## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME LESLIE ALLEN, | |
|   Petitioner, | |
| v. | Civil Action No.:  PJM-22-627 |
| WILLIAM S. BOHRER, | |
|   Respondent. | |

### MEMORANDUM OPINION

    Self-represented Petitioner Jerome Leslie Allen filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging both his 2006 convictions in the Circuit Court for Anne Arundel County, Maryland for armed robbery, conspiracy to commit armed robbery, second-degree assault, and giving a false statement to a police officer, and his 2016 judgment of conviction for violating his probation in the same case.  ECF No. 1.[1]  Respondent filed an Answer arguing that the Petition is time-barred under 28 U.S.C. § 2244(d). ECF No. 6.  Allen responded.  ECF Nos. 8, 9, 10.

    There is no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, the Petition is dismissed, and a certificate of appealability shall not issue.

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files system.

I.  **BACKGROUND**

On December 8, 2005, Allen was convicted by a jury of armed robbery, conspiracy to commit armed robbery, second degree assault, and giving a false statement to a police officer. ECF No. 6-1 at 17, 19-20. On June 7, 2006, the court sentenced Allen. *Id*. at 86. It imposed a term of

> twenty years for the armed robbery, with all but seventeen years suspended, the first ten of which was to be served without the possibility of parole. The court also sentenced Allen to a concurrent twelve years on the conspiracy charge, with two years suspended, and sentenced [Allen] to a term of six months for the false imprisonment conviction, all of which was suspended.

ECF No. 6-1 at 206. A probation order was issued that same day. *Id*. at 132-34.

Allen filed a timely motion for reconsideration of his sentence pursuant to Md. Rule 4-345(e) (*id*. at 136-38), which was denied on June 23, 2006. *Id*. at 139.

Allen also filed a timely application for review of his sentence by a three-judge panel. *Id*. at 140-41. On March 6, 2007, the panel granted Allen's motion:

> The Panel has determined that an appropriate sentence for [Allen] is twenty years, suspend all but ten years, for count l; six months, suspended, and a $500.00 fine, suspended, for count 10, to run consecutive to count 1; and twelve years, suspend two, concurrent to counts 1 and 10, for count 11. The Panel has also determined that the five years of supervised probation imposed was fair and just, and as such the term of probation will remain unchanged. The Panel will, however, modify the probation imposed to eliminate the anger management therapy requirement and replace it with a requirement that [Allen] undergo a psychological evaluation and treatment.

ECF No. 6 at 147. The circuit court issued an amended commitment record reflecting the modification to Allen's sentence.[2] *Id*. at 151-53.

---

[2] On July 27, 2010, in response to an inquiry from the Maryland Department of Public Safety and Correctional Services ("DPSCS") seeking clarification regarding the modification of Allen's sentence for armed robbery to 10 years' incarceration, the court advised that sentence was a statutory mandatory minimum sentence under Maryland law and ordered an amended commitment record be issued. ECF No. 6-1 at 249, 256.

**C.     Direct Appeal**

Allen noted a timely appeal to the Appellate Court of Maryland (formerly known as the Maryland Court of Special Appeals). *Id*. at 205. The Appellate Court of Maryland affirmed Allen's convictions by unreported opinion filed on August 27, 2008: the court's mandate issued on September 26, 2008. *Id.* at 205-232. Allen did not seek further review by petition for certiorari in the Supreme Court of Maryland (formerly known as the Maryland Court of Appeals). *See generally*, ECF No. 6-1 at 17-18, 37.

**D.     Post Conviction Proceedings**

Allen did not file anything else regarding his criminal case until March 30, 2009, when he filed a pro se petition for post-conviction relief in state circuit court. ECF No. 6-1 at 37, 233-38. The State answered the petition and the circuit court held a hearing on March 11, 2010. *Id*. at 18. Allen was represented by counsel at the hearing. *Id*. at 14. On March 30, 2010, the post-conviction court denied Allen's petition for postconviction relief. *Id*. at 39.

On December 10, 2015, over five years after Allen's post-conviction petition was denied, Allen filed an untimely application for leave to appeal the denial of his petition. *Id*. at 266. In his application, Allen stated that he did not learn of the results of his post-conviction petition until a year after a decision was entered and he did not know he had the right to appeal the denial of post-conviction relief until that summer when his case manager advised him of his rights. *Id*.

On December 21, 2015, the Circuit Court for Anne Arundel County issued an order to show-cause, directing Allen explain why his application should not be stricken as untimely. ECF No. 6-1 at 267. Allen responded and repeated that he was not aware that his post-conviction

petition had been denied until a year after the court issued its order, and he was not informed of his right to file an application for leave to appeal. *Id*. at 268-69.

On January 20, 2016, the Circuit Court for Anne Arundel County ordered that an evidentiary hearing be held to determine if Allen was entitled to file a belated application for leave to appeal. *Id*. at 272-73. After a hearing on June 6, 2016, Allen was granted 30 days to file a belated application for leave to appeal the denial of his post-conviction petition. *Id*. at 281. Allen did not, however, file an application for leave to appeal challenging the post-conviction court's ruling. *Id*. at 70.

### E. Allen's Violation of Probation

On June 26, 2015, DPSCS charged Allen with violating his probation by, among other things, incurring additional criminal convictions. ECF No. 6-1 at 262-64.  On February 22, 2016, the Circuit Court for Anne Arundel County conducted a violation of probation ("VOP") hearing.  *Id*. at 274.  Allen was found guilty of violating his probation and sentenced to 10 years' incarceration, to be served concurrent with any sentence he was then serving. *Id*. The record reflected that Allen's probation was "closed – unsatisfactory." *Id*. at 274,  276.

Allen filed a timely application for leave to appeal his VOP judgment of conviction (*id*. at 277) which the Appellate Court of Maryland summarily denied on October 19, 2016. *Id*. at 289-90. The court's mandate issued on November 18, 2016. *Id*. at 291.

### F. Efforts to Reopen Post-Conviction Proceedings

Allen filed a second petition for post-conviction relief on August 6, 2019. ECF No. 6-1 at 338-51. The petition was denied without a hearing on January 22, 2021. *Id*. at 52.

On April 22, 2021, Allen filed a motion to reopen post-conviction proceedings.  ECF No. 6-1 at 52. On May 11, 2021, the court directed that Allen either pay the filing fee or request

4

a fee waiver. *Id.* at 52, 405. Instead of complying with the court's directive, on August 12, 2021, Allen filed a "Request for Judgment in Favor of Petitioner." *Id*. at 408-09. On August 16, 2021, the court dismissed Allen's motion to reopen for failure to comply with the May 11, 2021 order. *Id*. at 408. Allen noted an appeal. *Id*. at 412. On September 27, 2021, the post- conviction court struck its previous order dismissing Allen's motion to reopen stating that the "matter shall continue in the normal course." *Id.* at 413. That same day, however, the court issued a memorandum opinion and order denying Allen's motion to reopen, finding Allen had not "demonstrated that it [was] in the interests of justice to reopen" the proceedings and Allen had failed to "demonstrate[] that extraordinary cause exists to review [his] petition even though it was filed more than ten years after the sentence was imposed." *Id*. at 414-15. Allen noted an appeal. *Id*. at 416.

On October 12, 2021, the Appellate Court of Maryland directed Allen to file a more detailed application for leave to appeal the denial of his motion to reopen instead of the notice of appeal that he filed. ECF No. 6-1 at 416. In compliance with the court's directive, Allen filed a "Supplemental Application for Leave to Appeal" the denial of his motion to reopen. *Id*. at 419. The Appellate Court of Maryland summarily denied Allen's application on February 2, 2022 (*id*. at 542), and the court's mandate issued on March 7, 2022. *Id*. at 549.

### H. Additional State Proceedings

Undeterred, Allen continued to seek review of both his underlying criminal conviction and VOP. On October 12, 2017, he filed a motion to rescind the court's commitment order, which was denied by marginal order on November 3, 2017. ECF 6-1 at 297**.** Thereafter, Allen filed at least eleven state habeas petitions and two motions to correct an illegal sentence pursuant to Maryland Rule 4-345(a). *See generally* ECF 6-1 at 34-55. On August 18, 2021, he

noted an appeal from the denial of his ninth state habeas petition. *Id*. at 410. On January 28, 2022, the Appellate Court of Maryland dismissed that appeal as unauthorized by law and untimely (*id*. at 540), with the mandate issuing on March 2, 2022. *Id*. at 548.

## I.      Federal Petition

On March 3, 2022, Allen filed his Petition in this Court.[3] *See* ECF No. 1-2; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).

Allen asserts seven grounds for habeas relief. ECF No. 1 at 5-7. First, he claims that he received ineffective assistance of trial counsel when counsel failed to object to an erroneous jury instruction. *Id.* at 5. Second, Allen contends that the trial court erred in reading jury instructions. *Id*. Third, he alleges the trial court erred in allowing the jury to consider and render a verdict on an uncharged crime. *Id*. Fourth, Allen asserts trial, appellate, and post-conviction counsel were each ineffective because they failed to raise the foregoing claims at trial, on appeal, and during post-conviction proceedings. *Id*. Fifth, Allen states that he was denied due process because "Process was not legally issued against me, myself and I . . . .Maryland has tried and convicted the wrong person and then amended the titling and declaration to resemble my name or its derivatives." *Id*. at 6. Sixth, Allen alleges that his VOP counsel rendered ineffective assistance because Allen "did not receive notice of what violations were alleged," "was not allowed to present evidence," "was not allowed to confront adverse witnesses," "did not have an independent decision maker," and "did not receive a written report of the findings."

---

[3] It is unclear when Allen deposited his Petition in the prison's mailing system. However, because the envelope is marked as received by the mail facility at the prison on March 3, 2022 (ECF No. 1-2 at 2), the Court shall consider that date as the filing date.

*Id*. Lastly, Allen alleges that he is subjected to cruel and unusual punishment but he does not provide any factual allegations in support of this claim. *Id*.

## II. DISCUSSION

The threshold issue in this case is the timeliness of the petition.  Only if the Petition is timely may the Court reach the merits of Allen's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court.  *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011).  Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Where, as here, claims presented in a single petition ripen on different dates, or arise out of different judgments of conviction, the statute of limitations is analyzed as to each claim. *Zach v. Tucker*, 704 F. 3d. 917, 918 (11th Cir. (en banc) *cert. denied.* 571 U.S. 863 (2013).

A.     Judgment of Conviction

Where a defendant has been granted a resentencing on remand after appeal, the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) runs from the date of the judgment entered at resentencing. *Woodfolk v. Maynard*, 857 F. 3d 531, 542 (4th Cir. 2017).[4] Accordingly, Allen's underlying conviction became final for direct review purposes on October 14, 2008,[5] or 15 days after the Appellate Court of Maryland's mandate issued affirming Allen's convictions, and when the time for filing a petition for certiorari in the Supreme Court of Maryland expired. *See* Md. Rule 8-302(a).

B.     Violation of Probation

After Allen's probation was revoked on February 22, 2016, he filed an application for leave to appeal which was summarily denied on October 19, 2016. The court's mandate issued on November 18, 2016. Allen's VOP conviction became final on that date because the Supreme Court of Maryland is without jurisdiction to grant certiorari review after the summary denial of an application for leave to appeal the revocation of probation. Md. Code Ann., Cts. and Jud.

---

[4] A revocation of probation where the previously suspended sentence is reimposed does not restart the date of finality for the original judgment of conviction for purposes of determining the limitations period. The revocation of probation and imposition of the unserved sentence is not a true resentencing. Rather the probation revocation order is analogous to a new, independent judgment, one that assessed a penalty based on the time left on the original judgment. *Compare Woodfolk*, 857 F.3d at 542 ("when a state court defendant has been granted a resentencing" following a reversal on appeal, "the limitations period under § 2244(d)(1)(A) runs from the judgment entered upon resentencing" *with Lanahan v. Helsel*, Civil Action No. JFM-15-2133, 2016 WL 4742231 at *1 (D. Md. Sept. 8, 2016) (applying separate limitations analysis to claims attacking original judgment of conviction and claims which attacked the probation violation judgment); *see also Williams v. Vasbinder*, Civ. No. 05-73471-DT, 2006 WL 2123908 at *2 (E.D. Mich. July 27, 2006) (holding "the one-year statute of limitations for challenging any substantive issues relating to a trial court judgment which imposes probation begins to run when the judgment imposing probation becomes final. . . . By contrast, any claims arising from the revocation of probation would begin to run when the judgment that revoked the probation became final…." (citations omitted).

[5] Fifteen days from September 26, 2008, fell on a Saturday. The following Monday was Columbus Day, a federal holiday. As such, Allen's filing deadline was extended to Tuesday, October 14, 2008. Md. Rule 1-202(a).

Proc. § 12-202; *Mahia v. State*, 474 Md. 648 (2021). As such, the one-year federal limitations period for claims regarding Allen's VOP expired on November 20, 2017.

    C.       Statutory tolling

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Allen initiated state post-conviction proceedings on March 30, 2009 (167 days after his underlying conviction became final). The post-conviction petition was denied on March 30, 2010, but as discussed above Allen did not file an application for leave to appeal until December 10, 2015 (2081 days later). While the state court granted Allen 30 days to file a belated application for leave to appeal the denial of his post-conviction petition, Allen failed to file the application. Even if the order granting Allen leave to file a belated application for leave to appeal excused the 2081 that had elapsed in Allen's case, as discussed below his federal petition is nevertheless untimely.

Between November 18, 2016, when the Appellate Court of Maryland summarily denied Allen's application for leave to appeal the probation revocation and his motion to rescind commitment order filed on October 12, 2017, *328 days elapsed* without any properly filed post-conviction proceeding pending. On December 4, 2017, the state court denied Allen's Motion for Immediate Court Release. *One hundred thirty six days* later, Allen filed his first state habeas petition. That petition was denied on April 27, 2018. Allen did not file his motion to correct illegal sentence under Md. Rule 4-345(a) until August 14, 2018; thus a period of *109 days* passed where no properly filed post-conviction proceeding was pending. Another *123 days*

9

elapsed from the denial of Allen's motion to correct illegal sentence on August 30, 2018, and the filing of his second state habeas petition on December 31, 2018. An additional *seven days* passed without a properly filed state post-conviction proceeding pending between the denial of Allen's second state habeas petition on February 7, 2019, and the filing of his third state habeas petition on February 14, 2019. *Eleven* more days went by between the denial of his third state habeas petition on April 18, 2019, and the filing of his fourth state habeas petition on April 29, 2019. *Twenty days* then passed with no proceedings pending between the denial of the fourth habeas petition on July 17, 2019, and Allen's fist motion to reopen state post-conviction proceedings on August 6, 2019. Allen filed additional concomitant post-conviction motions in state court and then on March 2, 2021, the court denied Allen's eighth state habeas petition terminating all then pending state proceedings. *Thirty-five days* later, Allen filed a ninth petition for habeas relief. Allen kept his state proceedings active until April 8, 2022, when the state court denied his eleventh habeas petition.[6]

Even when starting from the finality of the VOP judgment, November 18, 2016, the record evidence demonstrates that Allen's federal petition is untimely. As discussed above, more than 365 days elapsed where no state post-conviction proceedings were pending before Allen filed this case. As such, his federal habeas Petition, challenging both his underlying judgment of conviction and the revocation of probation is time-barred under 28 U.S.C. § 2244(d).

---

[6] The Court need not determine whether each of these motions and successive habeas petitions constituted "properly filed" state post-conviction proceedings which would toll the federal limitations period because even if each did so, the petition is nevertheless time barred. In short, no state proceedings were pending from November 18, 2016-October 12, 2017 (*328 days*);  December 4, 2017-April 19, 2018 (*136 days*); April 27, 2018-August 14, 2018 (*109 days*); August 30, 2018-December 31, 2018 (*123 days*); February 7-14, 2018 (*7 days*); April 18-29, 2019 (*11 days*); and July 17-August 6, 2019 (*20 days*).

D.     Equitable Tolling

The limitation period may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). In order to be entitled to equitable tolling a petitioner must show that some wrongful conduct by Respondents prevented him from filing on time, or that there were "extraordinary circumstances" beyond his control that prevented timely filing of a petition. *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

After being directed to state why his Petition should not be dismissed as time-barred, Allen asserts that he has been diligently pursuing his claims and that no one advised him of his right to file a federal petition. ECF No. 9 at 1.

Additionally, he states that he did not know a direct appeal had been filed on his behalf and therefore when that appeal was denied he did not have the opportunity to seek certiorari review. *Id*. Allen also states that approximately one year after his post-conviction hearing, he wrote to the state court asking whether a decision had been rendered in his case but he did not receive a response. Several years later, he was notified that the decision of the post-conviction court had been sent to his counsel who had subsequently retired. *Id*. at 2. After receiving the right to file a belated application for leave to appeal the denial of post-conviction relief, Allen states that he contacted the state public defender's office for assistance but did not receive a response from them and his time to file the application expired. *Id*. Based on the foregoing, Allen asserts it was not possible for him to file a timely challenge to his state court judgment *Id*.

In further support of his claim that he is entitled to equitable tolling, Allen claims that the state improperly denied his effort to reopen his state post-conviction proceeding. ECF No.

11

10 at 1. Allen also states that he was unable to raise claims any earlier because he did not learn of those claims until he received a copy of his docket sheet in November of 2021 and hearing transcripts in May of 2020. *Id*. at 1. He does not identify what hearings were transcribed, nor does he explain what claims he discovered in the docket sheet or in the transcripts. Moreover, Allen does not explain how or why he only became aware of these claims when he read the transcript: he does not indicate whether he was present at either of these unidentified hearings.[7]

To the extent Allen's assertions are claims that he is entitled to equitable tolling, he has not made the requisite showing. The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, Allen's self-represented status and lack of knowledge of the law does not excuse him from the requirements of § 2244(d). Moreover, Allen has not shown that Respondents' conduct prevented him from filing on time.

Lastly, Allen asserts that the calculation of the timeliness of his petition is incorrect because he filed a federal habeas petition in this Court in 2017, which was dismissed so that he could exhaust his state court remedies. ECF No. 10 at 2. But Allen is mistaken because the time during which a federal habeas petition is pending does not toll the limitations period. *Duncan*

---

[7] To the extent Allen contends he is entitled to a different accrual date as to these unidentified claims, he is mistaken. He is not entitled to a later date for calculating the statute of limitations under § 2244(d)(1)(D) based on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. While Allen may not have learned of these unidentified claims until he reviewed the court's docket and received transcripts of unidentified hearings, the errors presumably occurred during trial or at the hearing, while Allen was present, and thus the factual predicates of these claims were discoverable by Allen at that time.

*v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). . . .[and] therefore did not toll the limitation period….").

      E.      Actual Innocence

Additionally, Allen states that he is actually innocent. ECF No. 9 at 2. In support of this claim, Allen asserts that there was "critical evidence and trustworthy eyewitness testimony" that was not presented. *Id.* Allen states he advised his trial attorney of eyewitness testimony but trial counsel did not investigate or subpoena the witness. *Id.* This unidentified witness would have produced an alibi for Allen. *Id.* Additionally, Allen states that he provided to his trial attorney a receipt that his attorney did not use at trial. Also, two police reports were not introduced at trial and would have, at minimum, created "controversy of facts" that would have created reasonable doubt in the jury. *Id.* Lastly, he claims that he can prove that evidence of "Size 12 white nikes did not belong to him. *Id.* at 3.

A federal habeas petitioner may assert a claim of actual innocence to overcome a procedural bar to review, *Schlup v. Delo*, 513 U.S. 298, 326 (1995), or to overcome the one-year statute of limitations ("gateway actual innocence"). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to present a credible gateway claim of actual innocence under *Schlup*, the petitioner must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup* 513 U.S at 324. "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. Here, setting aside the lack of specificity regarding Allen's evidence, it is clear that he has provided no new evidence

in support of his actual innocence claim but rather relies on evidence that was available to him at trial to support his claim of actual innocence. Allen has failed to demonstrate that he meets the extraordinarily high threshold for overcoming the procedural bar to review and his Petition must be dismissed as time barred.

### III.   CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 580 U.S. 100, 115 (2017).  Because Allen fails to satisfy this standard, the Court declines to issue a certificate of appealability.  Allen may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV.   CONCLUSION

For the foregoing reasons, the Court will deny Allen's Petition for Writ of Habeas Corpus and decline to issue a Certificate of Appealability.  A separate Order follows.

6/4/2024
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE